UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

In Re:

Sissell, Isaac                                              Case #: 11-01227

                                                            Chapter 13

    Debtor(s).                                          Hon. Jeffrey R. Hughes

_____//                               Filed: 2/10/11

## CHAPTER 13 PLAN

( )Original or (x)Amendment No.:3 (x)Pre-Confirmation ( )Post- Confirmation

**I. GENERAL PROVISIONS**

**A. APPLICABLE COMMITMENT PERIOD - 11 U.S.C. §1325(b)(4)**

(x) The applicable commitment period is 60 months.

( ) The applicable commitment period is 36 months.

**B. PLAN PAYMENT** The Debtor submits all or such portion of the Debtor's future income to the control of the Trustee as in, or may be necessary for the execution of the Plan. The Debtor, or the Debtor's employer shall pay to the Trustee the sum of $2,932.85 per ( )week, ( )bi-weekly, ( )semi-monthly, (x) monthly, or ( ) other. (If proposing a step payment or a liquidating Plan, mark "Other" and the provide terms in "Other Plan Provisions" as set forth below. Pursuant to 11 U.S.C. §1326 the Debtor shall commence making payments not later than 30 days after the date of the filing of the Plan or the Order for Relief, whichever is earlier.

The Debtor shall submit all disposable income directly to the control and supervision of the Trustee. If the Debtor becomes 30 days delinquent in making payments under the Plan, the Trustee may submit a payroll order to the Clerk with an appropriate affidavit

(copies to the Debtor and Debtor's counsel) and the Court may enter the payroll order without further hearing. The Debtor shall notify the Trustee immediately of any change of employment until the Plan is completed.

() Other Plan Payment Provisions:

C. **SECURED CREDITORS**

**1. Lien Retention**: Pursuant to 11 U.S.C. §1325(a)(5)(B), all holders of allowed secured claims provided for by the Plan shall retain the lien securing such claim until the earlier of (I) the payment of the underlying debt determined under applicable non-bankruptcy law; or (ii) a discharge pursuant to 11 U.S.C. §1328, and if the case under this Chapter is dismissed or converted without completion of the Plan, such lien shall be retained by such holder to the extent recognized by applicable non-bankruptcy law. Except, that a holder of an allowed secured claim in which the last payment is due after the date on which the final payment to the plan is due shall retain its lien pursuant to applicable State Law following the entry of the discharge.

**2. Real Property Subject To A Lien:**

**a. Residential Real Property: Post Petition Mortgage Payments & Pre Petition Arrears.**

| Creditor Name | Pd I/S or O/S | Ongoing Pymt | Est. Arrear |
| --- | --- | --- | --- |
| Residential Credit Solutions | I/S | $2,247.74 | $30,318.68 |
|  |  |  |  |

The following is the common address and the tax id parcel # for the Debtor's residential real property: 1227 190th Ave, Morley, MI 49336

**c. Other Provisions:**

(iii) If the post petition, ongoing mortgage payment, is paid through the Plan, the Trustee is authorized to modify the ongoing mortgage payment upon notification by the

mortgage holder of any payment change. The Trustee is also authorized to automatically increase the Plan payment by an amount sufficient to cover any increase in such payment and the additional Trustee's fee. The Trustee may amend a wage order to include any such increase with notice to the employer, Debtor and Counsel for the Debtor. If a mortgage or land contract is being paid by the Chapter 13 Trustee, the Trustee may adjust the date post petition mortgage or land contract payments commence or the date the arrears is calculated "through" to coincide with any pre or post petition mortgage or land contract arrearage claim filed by the mortgagee or land contract vendor.

**In all other respects, the Plan remains the same.**

Date: 8/10/11                                    /s/ Isaac Sissell_____
                                                                          , Debtor


Date: 8/10/11                                    /s/ Andrew Longcore_____
                                                                          , Counsel for the Debt